**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:18-cr-00036-RFB-PAL |
| Plaintiff/Respondent, | **ORDER** |
| v. | |
| LINDSAY SARAC, | |
| Defendant/Petitioner. | |

Before the is Defendant Petitioner's Emergency Motion for Reducing Sentence [ECF No. 50]. For the reasons stated below, the Court GRANTS this motion.

### I.  BACKGROUND

On June 8, 2018, the Court sentenced Ms. Sarac to 24 months of incarceration followed by three years of supervised release for her conviction of aggravated identity theft. ECF No. 32.  The Court sentenced her to time served on the other two counts of conviction.

### II.  LEGAL STANDARD

Federal law permits a district court to modify a sentence under certain conditions pursuant to 18 U.S.C. §3582(c)(1)(A). Specifically, a court may modify a defendant's sentence "upon motion of the defendant after the defendant has fully exhausted all administrative right to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days

from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. Once a motion has been filed, a court may modify a sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable" and if the court finds "extraordinary and compelling reasons warrant such a reduction." Id. at §3582(c)(1)(A)(i).

### III.     DISCUSSION

The Court first finds that Ms. Sarac has established, as conceded by the government, ECF No. 65, an "extraordinary and compelling reason" which qualifies her for compassionate release. Specifically, her medical records establish that she is at a heightened risk for complications from her recovery from COVID-19 and possible reinfection while in BOP custody. See ECF No. 55 at 3-4; ECF No. 59 at 2-4. She suffers from at least three underlying medical conditions—obesity, asthma, and epilepsy—that place her heightened risk of complications from her recovery and possible reinfection. The Court also credits Sarac's assertions that the BOP has not engaged in proactive treatment of her conditions to prevent and monitor future medical complications and that her condition is still not fully stable from a respiratory standpoint. ECF No. 59 at 4. The government does not contest her qualification for release based upon her medical condition. ECF No. 65.

Second, the Court finds that Ms. Sarac has exhausted her administrative remedies in this case as required by Section 3582. She requested compassionate release from the BOP and was rejected for her early release or release to home confinement. The government again does not contest that she has exhausted her administrative remedies in this case.

The Court further finds upon consideration of the factors under 18 U.S.C. §3553 that it would be appropriate for her to be released. The Court is familiar with the facts of her case and

incorporates by reference the sentencing record. The Court did not have the discretion at the time of sentencing to impose a sentence less than 24 months. The Court would have imposed a lower sentence in this case based upon consideration of all the relevant sentencing factors and the facts of the case.

The Court finds that Ms. Sarac has served a sufficient amount of time on her state and then federal sentence to serve as a sufficient deterrent to future criminal conduct. The Court will also be imposing a period of home confinement as a further deterrent to future criminal conduct. The Court also notes that the nature of her confinement due to the pandemic in both state and federal custody, especially in terms of being severely restricted in terms of programming and visitation has resulted in harsher conditions for her incarceration than she would have otherwise had to endure.

The Court also reiterates its prior finding at sentencing that Ms. Sarac's prior criminal conduct resulted in large part from a toxic mix of drug addiction and abusive relationships. She has had an opportunity while incarcerated to be able to purge both from her life. The Court finds at this point that intensive drug treatment and counseling will address these issues and reduce the risk of future criminal conduct.

Based upon a consideration of the entire record in this case, the Court finds that a sentence of time served would be appropriate as to the remaining count of conviction for which she is serving time in prison. The Court will impose the same period of supervised release and the same conditions for those terms of supervised release. The Court will further impose a special condition of home confinement for twelve months with GPS monitoring. She will also be required to meet with the Court within 30 days of release to review her conditions of supervised release.

## IV. CONCLUSION

For the reasons stated,

**IT IS THEREFORE ORDERED** that Defendant Petitioner's Emergency Motion for Reduction of Sentence [ECF No. 50] is GRANTED. Ms. Sarac's remaining sentence is reduced to "time served" as to Count Four of the Judgment. The Court shall enter an Amended Judgment with its new sentence in this case.

**IT IS FURTHER ORDERED** that Ms. Sarac shall be released by **12:00 p.m. EST September 25, 2020.**

**DATED: September 25, 2020** .

                                                 **RICHARD F. BOULWARE, II**
                                               **UNITED STATES DISTRICT JUDGE**