# UNITED STATES DISTRICT COURT
District of Nevada

| UNITED STATES OF AMERICA | ) | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| LINDSEY FAY SARAC | ) | Case Number: 2:18-cr-00036-RFB-PAL |
| | ) | USM Number: 54573-048 |
| **Date of Original Judgment:** 6/8/2020 | ) | ERIN GETTEL, AFPD |
| *(Or Date of Last Amended Judgment)* | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  One, Two, and Four of Indictment, filed 2/06/2018.

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1028(a)(3) | Possession with Intent to Use 5 or More Identification Documents | 12/20/2017 | 1 |
| 18 U.S.C. § 1029(a)(3) | Possession of 15 or More Counterfeit or Unauthorized Access Devices | 12/20/2017 | 2 |
| 18 U.S.C. § 1028A | Aggravated Identity Theft | 12/20/2017 | 4 |

The defendant is sentenced as provided in pages 2 through __8__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s) Three  ☑ is  ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

9/25/2020
Date of Imposition of Judgment

*[signature]*
Signature of Judge

RICHARD F. BOULWARE, II        U.S. District Judge
Name and Title of Judge

9/25/2020
Date

AO 245C (Rev. 09/20) Case 2:18-cr-00036-RFB-PAL Document 67 Filed 09/25/20 Page 2 of 14
Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment                    (NOTE: Identify Changes with Asterisks (*))

Judgment — Page 2 of 8

DEFENDANT: LINDSEY FAY SARAC
CASE NUMBER: 2:18-cr-00036-RFB-PAL

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :
**\*Time Served.**

☑ The court makes the following recommendations to the Bureau of Prisons:
The Court makes the recommendation to the Bureau of Prisons that the defendant be permitted to serve her term of incarceration at a facility in Tallahassee, Florida. Further, that defendant be permitted to participate in the RDAP program.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: LINDSEY FAY SARAC
CASE NUMBER: 2:18-cr-00036-RFB-PAL

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

Three (3) years as to Counts One and Two, to run concurrent to one another, One year as to Count Four (4), to run concurrent to Counts One and Two.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually..
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must make restitution in accordance with 18 U.S.C. § 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: LINDSEY FAY SARAC
CASE NUMBER: 2:18-cr-00036-RFB-PAL

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. ~~If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.~~
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the specific risks posed by your criminal record and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the specific risks posed by your criminal record.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

|  |  |
|---|---|
| DEFENDANT: LINDSEY FAY SARAC | Judgment—Page  5  of  8 |
| CASE NUMBER: 2:18-cr-00036-RFB-PAL | |

## SPECIAL CONDITIONS OF SUPERVISION

1. **Debt Obligations** - You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

2. **Access to Financial Information** - You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office will share financial information with the U.S. Attorney's Office.

3. **Substance Abuse Treatment** - You must participate in the substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program.

4. **Search and Seizure** – You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

5. **Computer Restriction** - You must submit your computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media, to a search. You must warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

6. **No contact** - You shall have no contact with Roger Jenkins or Brandon Broyles through the term of your supervision.

7. **C.A.R.E. Program** - You shall participate in the C.A.R.E. Program for a period of up to seven months as approved and directed by the probation officer. While participating in the program, if you test positive for alcohol, or any controlled substance, and/or any form of synthetic stimulants, you will be taken into custody for a minimum period of seven days.

8. **Home Confinement with Location "GPS" Monitoring** – You shall be required to be placed home confinement to be served the first six months of supervision. You are restricted to your residence at all times except for employment; education; religious services; medical appointments; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer. You shall be permitted to leave for family obligations relating to your child and upon the approval of the probation department. You will be monitored by "GPS" location monitoring technology at the discretion of the probation officer throughout your entire term of supervision, and you must follow the rules and regulations of the location monitoring program. You shall be required to pay for the costs of location monitoring as deemed appropriate by probation officer. If you complete the lockdown component for the C.A.R.E program early, you or the probation department may petition to have the term of your home confinement reduced.

**continued to page 6**

DEFENDANT: LINDSEY FAY SARAC
CASE NUMBER: 2:18-cr-00036-RFB-PAL

# SPECIAL CONDITIONS OF SUPERVISION

9. **Curfew** - You are restricted to your residence every day from 10 AM to 6 PM, or as directed by the probation officer, for your first year of supervision. You will not be permitted to spend the night at any other location without the express approval of the probation department and this Court.

10. **Residence** - You shall be required to reside with your parent's at their residence.

11. **Community Service** – You shall be required to complete 2000 hours of Community Service to be completed within three years of your supervision upon completion of the C.A.R.E. program and completion of lockdown component. You shall be required to complete 35 hours of community service weekly, or attend educational classes or be fully employed. You must submit your schedule to be approved by probation department every month.

12. **Education or Employment Requirement** – You must be fully enrolled in an educational program for a bachelor's degree or be fully employed or a combination thereof, to begin within two months after completion of C.A.R.E. program lockdown component. Failure in not obtaining full employment or being fully enrolled in an educational program or combination thereof will constitute a violation of your supervised release.

13. **Drug Testing** - You shall be required to submit to drug testing two times per week for the term of your supervision. Testing will continue even if positive tests occur. After two years, the testing may be adjusted as needed and as approved by the probation department.

14. **Status Conference** – You shall be required to meet with this Court within thirty days of release from custody. Further, you shall be required to meet with this Court every three months thereafter to discuss your plan and status. It is preferred that your father or mother attend this status conference to update the Court on your status.

**Note**: A written copy of the conditions of release was provided to the Defendant by the Probation Officer in open Court at the time of sentencing.

DEFENDANT: LINDSEY FAY SARAC
CASE NUMBER: 2:18-cr-00036-RFB-PAL

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 300.00 | $ 402.31 | $ 0.00 [waived] | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| See Restitution List |  | $402.31 |  |
| **TOTALS** | $ 0.00 | $ 402.31 |  |

☑ Restitution amount ordered pursuant to plea agreement $ 402.31

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐ the interest requirement is waived for    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

---

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 09/20) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments
Case 2:18-cr-00036-RFB-PAL   Document 67   Filed 09/25/20   Page 8 of 14
(NOTE: Identify Changes with Asterisks (*))
Judgment — Page 8 of 8

DEFENDANT: LINDSEY FAY SARAC
CASE NUMBER: 2:18-cr-00036-RFB-PAL

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**  ☑  Lump sum payment of $ 702.31 due immediately, balance due

  ☐ not later than _____, or
  ☑ in accordance with   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☑  Special instructions regarding the payment of criminal monetary penalties:

  It is recommended that any unpaid balance shall be paid paid at a rate of not less than $25.00 per quarter during incarceration, and then 10% of any gross income earned, subject to adjustment by the Court based upon ability to pay.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate. |
|---|---|---|---|

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

*  ☑  The defendant shall forfeit the defendant's interest in the following property to the United States:
  ***See Final Order of Forfeiture. (attached.)**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

**U.S. vs. LINDSEY FAY SARAC**
**2:18-CR-00036-RFB-PAL**
<u>Restitution List</u>



| | |
|---|---|
| Dannie Hyatt | $155.00 |
| John Ledwon | $204.59 |
| Angelina Martinez | $ 22.00 |
| U.S. Bancorp | $ 20.72 |
| TOTAL: | $402.31 |

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LINDSEY FAY SARAC,<br><br>Defendant. | Case No. 2:18-cr-00036-RFB-PAL<br><br>**Final Order of Forfeiture** |

The United States District Court for the District of Nevada entered a Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2); Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 982(a)(2)(B); Title 18, United States Code, Section 1028(b)(5), (g), and (h); Title 18, United States Code, Section 1029(c)(1)(C) and (c)(2); and Title 21, United States Code, Section 853(p) based upon the plea of guilty by defendant Lindsey Fay Sarac to the criminal offenses, forfeiting the property set forth in the Plea Agreement and the Forfeiture Allegation of the Criminal Indictment and shown by the United States to have the requisite nexus to the offenses to which defendant Lindsey Fay Sarac pled guilty. Criminal Indictment,

1

ECF No. 14; Change of Plea, ECF No. 24; Plea Agreement, ECF No. 25; Preliminary Order of Forfeiture, ECF No. 26.

This Court finds that the United States of America may amend this order at any time to add subsequently located property or substitute property to the forfeiture order pursuant to Fed. R. Crim. P. 32.2(b)(2)(C) and 32.2(e).

This Court finds the United States of America published the notice of forfeiture in accordance with the law via the official government internet forfeiture site, www.forfeiture.gov, consecutively from May 25, 2018, through June 23, 2018, notifying all potential third parties of their right to petition the Court. Notice of Filing Proof of Publication, ECF No. 34.

This Court finds no petition was filed herein by or on behalf of any person or entity and the time for filing such petitions and claims has expired.

This Court finds no petitions are pending with regard to the property named herein and the time for presenting such petitions has expired.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all possessory rights, ownership rights, and all rights, titles, and interests in the property hereinafter described are condemned, forfeited, and vested in the United States of America pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B); Fed. R. Crim. P. 32.2(c)(2); Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 982(a)(2)(B); Title 18, United States Code, Section 1028(b)(5), (g), and (h); Title 18, United States Code, Section 1029(c)(1)(C) and (c)(2); and Title 21, United States Code, Section 853(n)(7) and 853(p) and shall be disposed of according to law:

i. any and all fraudulent identification documents including, but not limited to at least:

    a) any and all social security cards including, but not limited to at least the following cards (identified by initials of the card holder and last four digits of the social security number):

| | | | | |
|---|---|---|---|---|
| A.M. / 9592 | D.C. / 7862 | E.B. / 1882 | F.S. / 6021 | I.E. / 7982 |
| J.J. / 3837 | J.M. / 8407 | L.J. / 7562 | L.M. / 9702 | N.K. / 1232 |
| R.P. / 6703 | S.B. / 2298 | T.M. / 9775 | X.B. / 7924 | |

    b) any and all driver's licenses or identification cards including, but not limited to at least:

        1. Nevada driver's licenses and identification cards in the names of A.T., C.B., C.J., C.O., C.V., D.F., D.M., E.K., E.V., G.P., G.W., I.C., J.B., K.H., K.K., L.M., L.S., M.D., M.P., M.S., N.M., R.D., R.P., R.S., S.M., and T.W.;

        2. California driver's licenses and identification cards in the names of C.B., M.P., O.C., S.S.;

        3. Nevada Medicaid cards in the name of A.M., B.J., D.C., J.D., J.J., K.J., L.J., R.P., R.V., and S.B.;

        4. Hong Kong identification card in the name of N.N.; and

        5. United States passports in the names of J.F. and L.D.

ii. any and all fraudulent access devices including, but not limited to at least:

    a) any and all counterfeit or unauthorized credit or debit cards including, but not limited to at least the following cards (identified

by the initials of the card holder and the last four digits of the card number):

| | | | | |
|---|---|---|---|---|
| A.M. / 0363 | A.M. / 8674 | A.P. / 0256 | B.K. / 3702 | B.L. / 1602 |
| B.L. / 9477 | B.M. / 3069 | B.M. / 6451 | B.T / 7924 | B.T. / 5006 |
| C.B. / 1151 | C.B. / 1729 | C.B. / 2580 | C.B. / 6422 | C.B. / 6961 |
| C.B. / 9590 | C.B. / 9863 | C.J. / 9193 | C.M. / 2878 | C.M. / 4800 |
| C.O. / 4898 | C.P. / 0594 | D.M. / 4051 | D.M. / 4555 | D.M. / 5678 |
| D.M. / 5876 | D.M. / 8840 | D.M. 6949 | D.P. / 0637 | D.P. / 7995 |
| D.P. / 9170 | D.R. / 3813 | E.D. / 9338 | E.S. / 7694 | F.S. / 7405 |
| F.T. / 2395 | G.C. / 4102 | G.C. / 7575 | G.M. / 1312 | G.P. / 0594 |
| I.C. / 0303 | I.S. / 4652 | I.V. / 1395 | J.B. / 0231 | J.B. / 0792 |
| J.B. / 1015 | J.B. / 3332 | J.B. / 4384 | J.B. / 7479 | J.L. / 6458 |
| J.O. / 7783 | K.B. / 0710 | K.R. / 5338 | K.V. / 0319 | K.V. / 1728 |
| L. M. / 8901 | L.B. / 6458 | L.J. / 7194 | L.K. / 8367 | L.M. / 0692 |
| L.M. / 0721 | L.M. / 1448 | L.M. / 3024 | L.M. / 3691 | L.M. / 5710 |
| L.M. / 6642 | L.M. / 7836 | L.S. / 1089 | L.S. / 2276 | L.S. / 7179 |
| L.S. / 7425 | L.S. / 8238 | L.S. / 8818 | L.S. / 9390 | L.S. / 9665 |
| M.A. / 8573 | M.B. / 1720 | M.M. / 8890 | M.M. / 9849 | M.N. / 3183 |
| M.S. / 7787 | N.A. / 3810 | N.N. / 1003 | P.D. / 5729 | P.P. / 2286 |
| R.A. / 6253 | R.P. / 8506 | R.P. / 9809 | R.Q. / 6064 | R.T. / 6734 |
| S.A. / 4570 | S.A. / 5749 | S.H. / 4255 | S.M. / 0626 | S.V. / 5238 |
| S.W. / 4646 | T.D. / 1111 | T.D. / 5959 | T.F. / 5461 | T.H. / 2038 |
| T.H. / 2038 | T.H. / 8050 | V.D. / 9500 | V.E. / 6084 | V.R. / 0085 |
| W.L. / 7736 | | | | |

    b)    any and all notebooks, checks, account statements, and other papers containing credit or debit card numbers;

    c)    any and all notebooks, checks, account statements, and other papers containing bank account numbers; and

iii.    any and all stolen mail

(all of which constitutes property).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all forfeited funds, including but not limited to, currency, currency equivalents, certificates of deposit, as well as any income derived as a result of the United States

4

1  of America's management of any property forfeited herein, and the proceeds from
2  the sale of any forfeited property shall be disposed of according to law.
3      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk
4  send copies of this Order to all counsel of record.
5      DATED this 20th day of ____August____, 2018.

_____
HONORABLE RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE